**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

ANDREA TALAMANTE &
ELDON TALAMANTE,

       Plaintiffs,

v.                                   Civ. No. 12-01218 MV/GBW

BRENT PINO & SCOTT SOLIS,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss Pursuant to Rules 12(b)(1), 12(b)(3), and 12(b)(6) ("Motion to Dismiss"), filed March 5, 2013 [Doc. 23].   The Court, having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the Motion to Dismiss is not well taken and will be denied.

## BACKGROUND

Plaintiff Andrea Talamante, the biological mother of the minor child CV/CT (born 2005), and Plaintiff Eldon Talamante, Andrea Talamante's husband as of June 4, 2009, and CV/CT's adoptive father as of October 20, 2011, filed their Petition to Vacate Order Appointing Guardian of Minor ("Petition"), on November 26, 2012 [Doc. 1].   Plaintiffs bring their Petition pursuant to 25 U.S.C. Section 1914 of the Indian Child Welfare Act ("ICWA"), 2 U.S.C. §§ 1901 *et seq*., seeking to invalidate an order entered by the Superior Court of California, County of Santa Clara, on March 30, 2010, appointing Defendant Brent Pino, Andrea Talamante's brother, and Defendant Scott Solis, Brent Pino's partner, guardians of CV/CT ("Guardianship Order").

The Petition alleges that Andrea Talamante and CV/CT are enrolled members of the Comanche Nation, that Andrea Talamante has resided on the Jicarilla Apache National Reservation since February 2009, that Eldon Talamante is an enrolled member of the Jicarilla Apache Nation, that a non-Indian Joshua Vielleux is CV/CT's biological father, that Andrea Talamante and Joshua Vielleux were married on April 14, 1999, and divorced on or about February 20, 2009, and that Joshua Vielleux's parental rights regarding CV/CT were terminated by the Jicarilla Apache Tribal Court on April 8, 2011.   The Petition further alleges that in July 2009, Andrea Talamante's parents took CV/CT to California to visit Defendants without Andrea Talamante's permission and that CV/CT thereafter remained in Defendants' care and custody.[1]

The Petition alleges that in December 2009, Brent Pino informed Andrea Talamante that he would be keeping CV/CT in California under his care indefinitely.   CV/CT has remained in California under the guardianship of Defendants from July 2009 through the present.   Andrea Talamante alleges that she wanted her daughter back, but that she did not have the funds to travel from New Mexico to California to retrieve her daughter.

Plaintiffs allege that on December 23, 2009, Defendants filed a petition to become the legal guardians of CV/CT in the Superior Court of California, County of Santa Clara ("Guardianship

---

[1]   Defendants' Response to Plaintiff's Petition to Vacate Order Appointing Guardian to Minor ("Answer") denies that Andrea Talamante did not consent to CV/CT's trip to California. Defendants assert that Andrea Talamante contacted them in April 2009 and asked that they care and provide for CV/CT indefinitely.   Defendants attach a power of attorney executed by Andrea Talamante on June 1, 2009, to the Answer, which empowered Defendants "to do and authorize all necessary temporary care, custody, support, and maintenance" for CV/CT for six months. Although these facts and others in the Answer may be relevant to the merits of Plaintiffs' Section 1914 claim, these facts are not relevant at the pleading stage of this litigation.   At this stage, the Court must determine whether it exercises subject matter jurisdiction and proper venue over this case and whether the facts alleged in the Petition—which the Court must assume are true—state a claim for relief.   Thus, the Court recites herein only those facts relevant to the pending Motion to Dismiss.

Petition").   Plaintiffs allege that on March 27, 2010, Plaintiffs received notice via the United States Postal Service of a March 30, 2010, hearing on the Guardianship Petition, but that it was not possible for Plaintiffs to attend the hearing with only three days advance notice.   On March 30, 2010, the Superior Court of California entered the Guardianship Order, appointing Defendants as the legal guardians of CV/CT.   On November 26, 2012, Plaintiffs filed their Petition seeking to vacate the Guardianship Order.

In support of their request to vacate the Guardianship Order, the Plaintiffs allege that the California Superior Court did not have jurisdiction over CV/CT, an Indian child, because CV/CT's domicile followed that her of biological mother, and therefore Section 1911(a) of the ICWA vests exclusive jurisdiction over matters involving CV/CT's custody in the tribal court.   The Petition also alleges that the Court should vacate the Guardianship Order because the guardianship proceedings failed to comply with various ICWA requirements, including the provision of remedial or rehabilitative services to Andrea Talamante as required by Section 1912(d), a showing accompanied by testimony of a qualified expert that the continued custody of CV/CT by Andrea Talamante would likely result in serious emotional or physical damage to CV/CT as required by Section 1912(e), and notice of the guardianship hearings via registered mail with return receipt as required by Section 1912(a).

## STANDARD

I.   Federal Question Jurisdiction.

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."   28 U.S.C. § 1331.   "A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial

3

question of federal law." *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (internal quotation marks and citation omitted).

II.      Motions to Dismiss.

     A.      Federal Rule of Civil Procedure 12(b)(1).

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

Whenever it appears that a district court lacks jurisdiction over the subject matter involved in an action, the court must dismiss the action. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (citation omitted), *cert. denied*, 489 U.S. 1080 (1989). "The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." *U.S. ex rel. Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995). In determining whether a party has adequately presented facts sufficient to establish jurisdiction, the court should look to the complaint's face, *see Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972), accepting the well-pleaded factual allegations as true, *see United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001), but ignoring conclusory allegations of jurisdiction, *see Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). On a jurisdictional motion, a court may also look at documents and evidence not contained in the pleadings. *See Davis ex rel. Davis v. U.S.*, 343 F.3d 1282, 1296 (10th Cir. 2003), *cert. denied*, 542 U.S. 937 (2004).

The Supreme Court of the United States has instructed that district courts should not dismiss a complaint "so drawn as to seek recovery directly under the Constitution or laws of the United States . . . but for two possible exceptions." *Bell v. Hood*, 327 U.S. 678, 681-82 (1946).

4

The two "possible exceptions" are claims that "clearly appear[ ] to be immaterial and made solely for the purpose of obtaining jurisdiction" or claims that are "wholly insubstantial and frivolous." *Id.* at 682-83.

B.    Federal Rule of Civil Procedure 12(b)(6).

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994). The sufficiency of a complaint is a question of law, and when considering a rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Smith v. U.S.*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citation omitted), *cert. denied*, 558 U.S. 1148 (2010).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citation omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. *See id.* at 570; *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). "A claim has facial

5

plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted).   The Tenth Circuit has explained,

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."   The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

*Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570) (internal citations omitted).

    C.    <u>Federal Rule of Civil Procedure 12(b)(3).</u>

Rule 12(b)(3) authorizes a court to dismiss a complaint for improper venue.   *See* Fed. R. Civ. P. 12(b)(3).   In a federal civil action, venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

A plaintiff bears the burden of proving proper venue.   *See Ben-Trei Overseas, L.L.C. v. Gerdau Ameristeel US, Inc.*, No. 09-CV-153-TCK-TLW, 2010 WL 582205 (N.D. Okla. Feb. 10,

2010) (citing *Pierce v. Shorty Small's*, 137 F.3d 1190, 1192 (10th Cir. 1998)) (additional citation omitted).   A court may consider facts outside the pleadings on a motion to dismiss for improper venue, without converting the motion to a motion for summary judgment.   *See Topliff v. Atlas Air, Inc.*, 60 F. Supp. 2d 1175, 1176-77 (D. Kan. 1999); Fed. R. Civ. P. 12(b).   In assessing whether a plaintiff has met his or her burden of establishing venue, a court takes the facts alleged in the complaint as true, but only to the extent the defendant does not present evidence controverting those facts.   *See Pierce*, 137 F.3d at 1192; *Meyers v. Keycorp*, No. CIV-07-1166-D, 2008 WL 2557991, at * 3 (W.D. Okla. 2008).   If the parties present conflicting evidence, the court should resolve factual disputes in favor of the plaintiff.   *See M.K.C. Equip. Co. v. M.A.I.L. Code, Inc.*, 843 F. Supp. 679, 683 (D. Kan. 1994); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352 (3d ed. 2004).

Pursuant to Federal Rule of Civil Procedure 12(h), a defendant waives his or her right to seek dismissal for improper venue under Rule 12(b)(3) if it fails to include an objection to venue in its initial responsive pleading.   *See* Fed. R. Civ. P. 12(h)(1)(b)(2) ("A party waives any defense listed in Rule 12(b)(2)-(5) by . . . failing to . . . include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course."); *see also Yavuz v. 61 MM, Ltd*., 576 F.3d 1166, 1173 (10th Cir. 2009) ("[Rule] 12(h) provides that a party waives an improper venue defense under Rule 12(b)(3) if the party fails to affirmatively assert such a defense in its *initial* responsive pleading.") (emphasis added).

## DISCUSSION

I. <u>Motion to Dismiss for Lack of Subject Matter Jurisdiction</u>.

Defendants move to dismiss Plaintiff's Petition to vacate the 2010 California Guardianship Order appointing Defendants as CV/CT's guardians.   In their Motion to Dismiss,

7

Defendants do not present argument why the Court may not exercise federal question jurisdiction over *Plaintiff's* ICWA claim to vacate the Guardianship Order, but rather only present argument regarding the jurisdictional validity of *Defendants'* underlying California Guardianship Petition and the resulting California Guardianship Order. Specifically, Defendants contend that jurisdiction was proper in the Superior Court of California and that the Guardianship Order was valid, because CV/CT resided and/or was domiciled in California and therefore no tribal court had exclusive jurisdiction over matters pertaining to CV/CT's custody.

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for lack of jurisdiction over the subject matter of a claim. *See* Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) analysis, however, involves the question whether this federal Court—and not a state court in an underlying proceeding—has subject matter jurisdiction over the action presently before the Court. Plaintiffs initiated the action before this Court when they filed their 2012 Petition pursuant to Section 1914 of the ICWA seeking to vacate the underlying state court Guardianship Order, and thus the relevant inquiry under Rule 12(b)(1) is whether this Court exercises subject matter jurisdiction over Plaintiffs' Petition brought pursuant to Section 1914 of the ICWA, and not whether the underlying state court properly exercised jurisdiction over Defendants' Guardianship Petition. Accordingly, Defendants' arguments regarding the jurisdictional basis of the underlying guardianship proceeding are not relevant to the question whether dismissal of Plaintiffs' Petition is appropriate under Rule 12(b)(1).

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial

8

question of federal law." *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (internal quotation marks and citation omitted).

Plaintiffs allege that Section 1914 of the ICWA grants the Court subject matter jurisdiction over their Petition to vacate the California Guardianship Order appointing Defendants as CV/CT's guardians. *See* Petition ¶ 17(a); *see id.* at 1.   Section 1914 of the ICWA authorizes "any parent . . . from whose custody [an Indian] child was removed[ to] petition any court of competent jurisdiction to invalidate [an] action" "for foster care placement . . . under State law, if the parent can "show[] that such action violated any provision of sections 1911, 1912, and 1913 of [the ICWA]." 25 U.S.C. § 1914.   Thus, the ICWA establishes a private right of action by a parent, provided that the child had been in the parent's custody prior to removal, the parent seeks to invalidate a state "foster care placement" as defined by the ICWA, and the parent can show the state action violated any provision of Sections 1911, 1912, or 1913.   *See id.*

The Court concludes that the Petition arises under federal law, because Section 1914 of the ICWA creates Plaintiff's cause of action.   *Cf. Nicodemus*, 440 F.3d at 1232.   Furthermore, in *Bell v. Hood*, the Supreme Court explained that "where [a] complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions[,] . . . must entertain the suit." 327 U.S. 678, 681-82 (1946).   The two "possible exceptions" are claims that "clearly appear[ ] to be immaterial and made solely for the purpose of obtaining jurisdiction" or claims that are "wholly insubstantial and frivolous." *Id.* at 682-83.   Plaintiffs' Section 1914 claim is not immaterial, but rather is the sole basis of their Petition.   Nor is their Section 1914 claim insubstantial or frivolous.   Because the Petition arises under the ICWA and because neither of the *Bell v. Hood* exceptions applies, the Court denies Defendants' Motion to Dismiss pursuant to Rule 12(b)(1).

9

II.     <u>Motion to Dismiss for Failure to State a Claim for Relief</u>.

In the alternative, Defendants ask the Court to dismiss Plaintiff's Petition pursuant to Section 1914 of the ICWA for failure to state a claim upon which relief can be granted. Defendants argue that dismissal is appropriate under Rule 12(b)(6) because the ICWA does not apply to intra-family disputes.

The ICWA was enacted to address "rising concern in the mid-1970s over the consequences to Indian children, Indian families, and Indian tribes of abusive child welfare practices that resulted in the separation of large numbers of Indian children from their families and tribes through adoption or foster care placement, usually in non-Indian homes." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 32 (1989). "At the heart of the ICWA are its provisions concerning jurisdiction over Indian child custody proceedings." *Id.* at 36. Section 1911 of the ICWA grants Indian tribes jurisdiction over custody proceedings. *See id.* Specifically, Section 1911(a) provides that if the Indian child "resides or is domiciled within the reservation," the Indian tribe has exclusive jurisdiction over child custody proceedings relating to that child, except where jurisdiction is otherwise vested in the state by existing federal law. 25 U.S.C. § 1911(a). Section 1911(b), in contrast, applies to state court proceedings for the foster care placement or termination of parental rights in cases where the Indian child is "not domiciled or residing within the reservation." 25 U.S.C. § 1911(b). Section 1911(b) requires a state court to "transfer such proceeding to the jurisdiction of the tribe" upon petition by either parent absent objection by either parent, "good cause to the contrary," or declination of jurisdiction by the tribal court. *Id.*

In this case, Plaintiffs allege that the tribal court had exclusive jurisdiction over any child custody proceedings pertaining to CV/CT pursuant to Section 1911(a), and that the California Superior Court wrongfully assumed jurisdiction over the Guardianship Petition under Section

1911(b).   Plaintiffs argue that Section 1914 of the ICWA authorizes invalidation of the Guardianship Order under the circumstances present here and ask the Court to vacate the order on this ground.   Defendants contend that Plaintiffs cannot state a claim under Section 1914 of the ICWA, because the ICWA applies only to state placements of an Indian child in a foster care home or institution and not to a private placement of an Indian child into an Indian relative's care (*i.e.*, an intra-family placement).

The ICWA defines covered child custody proceedings to include foster care placements, termination of parental rights, preadoptive placements, and adoptive placements.   *See* 25 U.S.C. § 1903(1)(i)-(iv).   The ICWA further defines a "foster care placement" as "any action removing an Indian child from its parent . . . for temporary placement in a foster home or institution or the home of a guardian or conservator where the parent or Indian custodian cannot have the child returned upon demand, but where parental rights have not been terminated."   *Id.* § 1903(1)(i).   It also specifically excepts two types of custody proceedings:   placements as a result of juvenile delinquency and custody placements during a divorce proceeding.   *See id.*

Defendants rely on the seminal case *In re Bertelson*, 617 P.2d 121 (Mont. 1980), to assert that the ICWA's definition of covered placements does not apply to intra-family placements.   *Bertelson* involved a custody dispute between a non-Indian mother and the child's Indian paternal grandparents, to whom the mother had given physical custody of her child.   *See id.* at 124.   The court concluded that "the dispute does not fall within the ambit of" the ICWA, reasoning that "[t]he Act is not directed at disputes between Indian families regarding custody of Indian children; rather, its intent is to preserve Indian cultural values under circumstances in which an Indian child is placed in a foster home or other protective institution."   *Id.* at 125.   The *Bertelson* court explained that the House Report sets forth the essential thrust of the ICWA:

> "[T]o protect the best interests of Indian children and to promote the stability and security of Indian tribes and families by establishing minimum Federal Standards for the removal of Indian children from their families and the placement of such children in foster or adoptive homes or institutions which will reflect the unique values of Indian culture."

*Id.* at 125 (quoting H.R. Rep. No. 9501386, 95th Cong., 2d Sess. 21, reprinted in U.S.C.C.AN. at 7530.[2]   The *Bertelson* court concluded that the "issue here is not which foster or adoptive homes or institution will best 'reflect the unique values of Indian culture.'  Rather, the present case involves an internal family dispute between the mother and the paternal grandparents over the custody of the child."   *Id.* at 126 (quoting H.R. Rep. No. 9501386, 95th Cong., 2d Sess. 21, reprinted in U.S.C.C.AN. at 7530).

Several courts have refused to adopt *Bertelson's* holding that the ICWA does not apply to intra-family disputes on the ground that an intra-family exception is judicially crafted and contrary to the plain language of the act.   *See, e.g.*, *State in Interest of D.A.C.*, 933 P.2d 993, 1000 (Utah Ct. App. 1997) (recognizing a split of authority, but noting that "[m]ost courts have criticized and expressly refused to follow the *Bertelson* analysis, concluding it is an inappropriate judicially-created exception to ICWA").   Courts rejecting *Bertelson's* analysis point out that Section 1903(1) of the ICWA excludes only two types of custody proceedings from its ambit—namely, custody provisions of a divorce decree and delinquency proceedings—and, conclude that, pursuant to the rules of statutory construction, express exceptions in a statute exclude all other exceptions.   *See D.A.C.*, 933 P.2d at 1000-01 (holding that the ICWA does not except intra-family placements and explaining "that Congress delineated two specific exceptions, and under basic rules of statutory construction, express exceptions exclude all other exceptions");

---

[2]   The language the *Bertelson* court cites from the House Report became the policy provision of ICWA.  *See* 25 U.S.C. § 1902.

*Comanche Indian Tribe v. Hovis*, 847 F. Supp. 871, 876 (W.D. Okla. 1994) (declining to apply the intra-family exception on the ground that application of the exception would constitute judicial legislation rather than statutory interpretation) (citing 25 U.S.C. § 1903(1)) (additional citation omitted), *rev'd on other grounds*, 53 F.3d 298 (10th Cir. 1995); *In re A.K.H.*, 502 N.W.2d 790, 794 (Minn. 1993) (declining to adopt the intra-family exception because "the only exceptions to the applicability of the Act are custody disputes in divorce actions and delinquency proceedings" and adopting a third intra-family exception would be "contrary to law"); *In re Q.G.M.*, 808 P.2d 684, 687-88 (Okla. 1991) (explaining that recognition of a third exception for intra-family disputes would require judicial legislation rather than statutory interpretation and holding that the ICWA therefore does not exclude intra-family disputes); *In re A.B.M. v. M.H.*, 651 P.2d 1170, 1173 (Alaska 1982) (holding that the court would not create a "judicial exception to the Act's coverage" because Congress explicitly excluded custody disputes resulting from divorce proceedings and juvenile delinquency actions from the protections of the Act, but failed to include any exception for custody disputes within the extended family), *cert. denied*, 461 U.S. 914 (1983).

The Court finds the reasoning of those jurisdictions rejecting *Bertelson* and declining to adopt an intra-family exception to the ICWA persuasive.  The ICWA broadly defines covered proceedings to include foster care placements, termination of parental rights, preadoptive placements, and adoptive placements.  *See* 25 U.S.C. § 1903(1)(i)-(iv).  A "foster care placement" includes "any action removing an Indian child from its parent . . . for temporary placement in a foster home or institution" but also includes placement in "the home of a guardian" such as the one at issue here.  *Id.* § 1903(1)(i).  Section 1903(1) excepts only two types of custody proceedings from its broad definition:   placements as a result of juvenile delinquency and custody placements during a divorce proceeding.  *See id.* § 1903(1).  The Court is not persuaded

13

by Defendant's argument that the Court should construe the ICWA to include a third exception for intra-family placements.   Pursuant to the rules of statutory construction, the two express exceptions in the ICWA exclude all other exceptions.   *See D.A.C.*, 933 P.2d at 1000-01; *Comanche Indian Tribe*, 847 F. Supp. at 876; *A.K.H.*, 502 N.W.2d at 794; *Q.G.M.*, 808 P.2d at 687-88; *A.B.M.*, 651 P.2d at 1173.   The Court declines to create, through judicial legislation, a third intra-family exception to the ICWA.

For purposes of evaluating a Rule 12(b)(6) motion to dismiss, the Court must accept the non-conclusory allegations in the Petition as true.   The Court concludes that these allegations contain plausible facts sufficient to state a claim pursuant to Section 1914 of the ICWA.   In so holding, the Court makes no decision regarding Defendants' arguments regarding the merits of Plaintiff's Section 1914 claim, including whether the California Superior Court properly exercised jurisdiction over the Guardianship Petition and whether the California Guardianship Order is valid.   While these arguments are relevant to the question whether Plaintiffs can prevail on their Section 1914 claim to invalidate the California Guardianship Order, they are not relevant at the pleading stage, because, for purposes of deciding a Rule 12(b)(6) motion to dismiss, the Court must accept the allegations in the Petition as true and determine only whether those allegations state a claim for relief pursuant to Section 1914.   *See Smith v. U.S.*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citation omitted), *cert. denied*, 558 U.S. 1148 (2010).   Defendants have argued that the Petition's allegations do not state a claim for relief because the intra-family exception applies. Having rejected this argument, the Court denies Defendants' Motion to Dismiss pursuant to Rule 12(b)(6).

III.   <u>Motion to Dismiss for Improper Venue</u>.

Defendants also argue that the Court should dismiss this action pursuant to Rule 12(b)(3). In support of their motion, Defendants contend that 28 U.S.C. Section 1391—the statute setting forth the standard for proper venue in a federal district court—provides no basis for venue in the District of New Mexico.  *See* 28 U.S.C. § 1391(b).  Plaintiffs maintain that the Court should deny the Motion to Dismiss on the ground of improper venue because CV/CT is domiciled in New Mexico and venue therefore is proper under Section 1391(b), and because Defendants waived any objection to venue by failing to raise in it their initial responsive pleading.

The Court declines to determine whether Plaintiffs have met their prima facie burden of establishing proper venue in the District of New Mexico under Section 1391, because the Court holds that Defendants have waived their defense of improper venue by failing to raise this objection in their initial responsive pleading.   Pursuant to Federal Rule of Civil Procedure 12(h), a defendant waives his or her right to object to venue if the defendant fails to include the objection in the initial responsive pleading.   *See* Fed. R. Civ. P. 12(h)(1)(b)(2) ("A party waives any defense listed in Rule 12(b)(2)-(5) by . . . failing to . . . include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course."); *see also Yavuz v. 61 MM, Ltd*., 576 F.3d 1166, 1173 (10th Cir. 2009) ("Federal Rule of Civil Procedure 12(h) provides that a party waives an improper venue defense under Rule 12(b)(3) if the party fails to affirmatively assert such a defense in its *initial* responsive pleading.") (emphasis added).   Defendants did not include an objection to venue in their initial response to the Petition—*i.e.*, their Answer—and thus they have waived their right to move for dismissal on the ground of improper venue pursuant to Rule 12(b)(3).

In the event the Court denies their motions to dismiss pursuant to Rules 12(b)(1), 12(b)(6),
and 12(b)(3), Defendants ask the Court to transfer venue of this action to the Northern District of
California pursuant to 28 U.S.C. Section 1404(a).[3]   Section 1404(a) provides that "[f]or the
convenience of the parties and witnesses, in the interest of justice, a district court may transfer any
civil action to any other district or division where it might have been brought or to any district or
division to which all parties have consented."   28 U.S.C. § 1404(a).   This section grants district
courts broad discretion to adjudicate motions to transfer on a case-by-case review of convenience
and fairness.   *See Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) ("Section 1404(a) is
intended to place discretion in the district court to adjudicate motions for transfer according to an
individualized, case-by-case consideration of convenience and fairness.") (internal quotation
marks and citation omitted); *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516

---

[3]   Defendants' failure to raise an improper venue defense in their Answer does not waive
Defendants' right to move for a transfer of venue pursuant to Section 1404(a).   Federal Rule of
Civil Procedure 12(h) provides only that a party waives a defense pursuant to Rules 12(b)(2)
through (5) if the party fails to include the defense in its initial responsive pleading.   *See* Fed. R.
Civ. P. 12(h)(1)(b)(2) ("A party waives any defense listed in Rule 12(b)(2)-(5) by . . . failing to . .
. include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of
course."); *see also Yavuz*, 576 F.3d at 1173 ("Federal Rule of Civil Procedure 12(h) provides that a
party waives an improper venue defense under Rule 12(b)(3) if the party fails to affirmatively
assert such a defense in its *initial* responsive pleading.") (emphasis added).   Rule 12(h) does not
provide for a waiver of a transfer of venue pursuant to Section 1404(a).   *See, e.g.*, *Galvin v.
McCarthy*, 545 F. Supp. 2d 1176, 1182 (D. Colo. 2008) (rejecting plaintiff's argument that
defendant "has waived any transfer of venue defense under Rule 12(h)(1)," because waiver applies
"*only* for those defenses enumerated in Rule 12, which does not include transfer of venue")
(citations omitted); *Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 957 (M.D. Tenn. 2008) (holding
that a defendant does not waive its ability to move for a Section 1404(a) transfer of venue by
failing to raise the defense of improper venue in its initial responsive pleading); *Dedely v. Watkins*,
No. 87-3102, 1987 U.S. Dist. LEXIS 10952, at *2, 1987 WL 25211, *1 (E.D. Pa. Nov. 24,
1987) ("Because a [Section 1404(a)] motion to transfer is not one of the motions enumerated
in Rule 12[b], it is not governed by the requirement of consolidation and waiver of Rule 12[g] and
[h]."); *James v. Norfolk & W. Ry. Co.*, 430 F. Supp. 1317, 1319 n.1 (D. Ohio 1976) (rejecting the
plaintiff's "argument that defendant waived his right to move for a transfer of venue by failing to
object to venue in his answer," because "[a] motion to transfer venue under § 1404(a) is . . . not
governed by the waiver provisions of Rule 12(h)") (citation omitted).

(10th Cir. 1991) (citation omitted).  The Tenth Circuit has instructed that, when evaluating a

Section 1404(a) motion, a district court should consider the following:

> the plaintiff's choice of forum; the accessibility of witnesses and
> other sources of proof, including the availability of compulsory
> process to insure attendance of witnesses; the cost of making the
> necessary proof; questions as to the enforceability of a judgment if
> one is obtained; relative advantages and obstacles to a fair trial;
> difficulties that may arise from congested dockets; the possibility of
> the existence of questions arising in the area of conflict of laws; the
> advantage of having a local court determine questions of local law;
> and, all other considerations of a practical nature that make a trial
> easy, expeditious and economical.

*Id.* (internal quotation marks omitted).

In support of their motion to transfer venue pursuant to Section 1404(a), Defendants argue

that the witnesses are located in California, the Guardianship Order was entered under California

law by a California court, and a federal district court in California is better suited to review

compliance with California state law.   The Court is not persuaded that these factors merit transfer

to the Northern District of California.

Although Defendants contend that "the witnesses such as the child's psychologists and

teachers, the defendants, the child, and representatives of the local police departments are all

located in California," Mot. to Dismiss at 11, Plaintiffs point out that in their status report Plaintiffs

and Defendants jointly identified fifteen fact witnesses whom they expect to testify at trial, and

only three of these witnesses are located in California, while ten are located in New Mexico.  *See*

Joint Status Rep. & Provisional Discovery Plan, filed Feb. 14, 2013, at 9-12 [Doc. 19].

Defendants identified an additional seven fact witnesses whom Defendants expect will testify, but

only two of those witnesses are in California and the remaining five are in New Mexico.  *See id.* at

12-13.   Thus, only five of the twenty-two disclosed fact witnesses are located in California, while

fifteen are located in New Mexico.   Moreover, all of the expert witnesses identified by the parties are located in New Mexico.   *See id.* at 14-15.   Thus, in terms of witness convenience, the Court concludes that the District of New Mexico is the more convenient forum.

Although Defendants contend that transfer to the Northern District of California is advisable because the Guardianship Order that Plaintiffs seek to invalidate was entered under California law, the Court agrees with Plaintiffs that the evidence regarding the underlying California Guardianship Order largely will be in the form of either the record of the California proceeding—of which the Court can take judicial notice—or the testimony of Plaintiffs and the Tribe (who are located in New Mexico) regarding the lack of proper service of court documents and notice of the proceedings.   Thus, the Court is not persuaded that entry of the order Plaintiffs seek to vacate by a California court weighs in favor of transfer.

Finally, the Court is not persuaded to transfer the case on the ground that the Northern District of California is better suited to review compliance with the state law of California. Plaintiffs do not bring their case pursuant to California law, but rather pursuant to the ICWA, which is a federal statute.   Moreover, although Defendants contend that California law regarding jurisdiction is relevant to deciding the merits of the Petition, citing Section 1911(a) of the ICWA for this proposition, *see* Mot. to Dismiss at 5, Section 1911(a) does not turn on the application of California or any other state law.   Rather, Section 1911(a) provides that an "Indian tribe shall have jurisdiction exclusive as to any State over any child custody proceeding involving an Indian child who resides or is domiciled within the reservation of such tribe, except where such jurisdiction is otherwise vested in the State *by existing Federal law*."   25 U.S.C. § 1911(a) (emphasis added).   Finally, to the extent that California law is and/or becomes relevant to Plaintiffs' Section 1914 claim, the Court concludes that under the facts alleged in this case a

18

federal district court sitting in California is no better equipped to interpret California state law than this Court.   Federal district courts routinely interpret and apply state law from jurisdictions other than their forum states.   Thus, the Court is not persuaded that this factor weighs in favor of transfer.

The Court finds Defendants' arguments in favor of a transfer of venue pursuant to Section 1404(a) unpersuasive.   Rather, the Court concludes that the convenience of the parties and witnesses and the interest of justice weigh in favor of retention of this case in the District of New Mexico.   Thus, the Court denies Defendants' motion for transfer of venue pursuant to 28 U.S.C. Section 1404(a).

## CONCLUSION

For the foregoing reasons, IT THEREFORE IS ORDERED that Defendants' Motion to Dismiss Pursuant to Rules 12(b)(1), 12(b)(3), and 12(b)(6), filed March 5, 2013 [Doc. 23], is hereby DENIED.


Dated this 24th   day of March, 2014.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE