IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDREA TALAMANTE &
ELDON TALAMANTE,

    Plaintiffs,

v.	No. 1:12-cv-01218 MV-GBW

BRENT PINO & SCOTT SOLIS,

    Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION FOR STATUS CONFERENCE & LIFTING OF DISCOVERY STAY

This matter is before the Court on Plaintiff's Motion for Status Conference and Lifting of Discovery Stay. *Doc. 44*. The Court held a hearing on the Motion on July 2, 2014. *Doc. 51.* Having considered the briefing (*docs. 44, 49*), the arguments presented by counsel at the hearing, and the relevant law, the Court will GRANT Plaintiffs' motion to lift the stay and will enter an order setting pretrial deadlines.

Plaintiff Andrea Talamante is the biological mother of minor child CV (a.k.a. CT). Plaintiffs filed their Petition to Vacate Order Adopting Guardian of a Minor on November 26, 2012, pursuant to the Indian Child Welfare Act (ICWA) at 25 U.S.C. § 1914. *See generally doc. 1.* Plaintiffs allege that Defendants moved the minor child from New Mexico to California, without her mother's permission. *Id.* They seek to invalidate an order entered on March 30, 2010, by the Superior Court of California, County of Santa Clara, which appointed Defendants as CV's legal guardians.

At the Rule 16 conference on February 21, 2013, Defendants informed the Court that they intended to file a motion to dismiss on jurisdictional grounds. *Doc. 21.* That same day, the Court entered an Order Staying Discovery pending a ruling on Defendants' motion to dismiss, and ordering Defendants to file their motion by March 22, 2013. *Doc. 22.* The Motion to Dismiss was denied on March 24, 2014. *Doc. 40.*

Plaintiffs filed the instant motion on May 30, 2014, requesting that the Court lift the discovery stay and move forward with scheduling, as "[t]he Court has ruled on all outstanding Motions . . . ." *Doc. 44* at 1. In their response, Defendants sought to continue the stay of discovery in light of the petition for adoption that was filed on May 8, 2014, in California state court. *Doc. 49.* Defendants argued that the stay would be in the best interests of the minor child and would avoid duplicating expenses. At the hearing, defense counsel also reasoned that the state proceedings, unlike the instant federal case, would be able to resolve the ultimate custody issue.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Federal Rule of Civil Procedure 26 does, however, provide that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." FED. R. CIV. P. 26(a). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of

judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–255 (1936) (citation omitted).  A stay of all discovery is generally disfavored.  *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009).

For the reasons discussed at the hearing, the Court finds that there is an insufficient basis to continue the discovery stay, and therefore GRANTS Plaintiffs' Motion for Status Conference and to Lift Stay (*doc. 44*).  The Court has set discovery deadlines, which will be set forth in a separate Scheduling Order.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE